FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-1660
_____

LARRY B. ROBINSON,

　　Appellant,

　　v.

STATE OF FLORIDA,

　　Appellee.

_____


On appeal from the Circuit Court for Leon County.
Francis J. Allman, Jr., Judge.


September 10, 2025


PER CURIAM.

Appellant challenges the trial court's summary denial of his motion alleging ineffective assistance of counsel under Florida Rule of Criminal Procedure 3.850. Because the trial court failed to attach portions of the record conclusively refuting Appellant's claim that his counsel was ineffective in failing to object to the jury instructions on the lesser included charges for Counts II and III, we reverse.

The State charged Appellant with a number of counts arising from his sexual abuse of a child. Appellant's ineffective assistance claim concerns Count II, sexual battery on a child under twelve years old by a defendant eighteen years or older, and Count III, lewd or lascivious molestation of a victim under twelve years old.

On these specific counts, the jury did not convict Appellant as charged in the information. Instead, the jury found Appellant guilty of lesser-included offenses that defense counsel agreed to include in the jury instructions. Thus, the jury found Appellant guilty of Count II, sexual battery on a child *over* twelve years old by a defendant eighteen years or older (a lesser-included offense); and Count III, lewd or lascivious molestation of a victim *over* twelve years old and under sixteen.

In affirming Appellant's convictions on direct appeal, this court concluded that the jury instructions on these two lesser included offenses were not fundamentally erroneous. *Robinson v. State*, 336 So. 3d 440, 440–41 (Fla. 1st DCA 2022). This court also explained that, based on the record, any error in these jury instructions was invited. *Id.* at 441.

Following his direct appeal, Appellant moved for postconviction relief under Florida Rule of Criminal Procedure 3.850. The trial court denied the motion, relying on this court's opinion as well as attaching Appellant's initial brief from his direct appeal to its order. In reviewing the order and its attachment, we conclude that they fail to conclusively refute Appellant's claim that he was prejudiced by trial counsel's agreement to include the lesser included charges, as they were uncharged crimes.

There may exist sufficient portions of the record that conclusively refute Appellant's claim. But given our limited scope of review in appeals from summary denials, we must reverse and remand. *See* Fla. R. App. P. 9.141(b)(2)(D) ("On appeal from the denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order must be reversed and the cause remanded for an evidentiary hearing or other appropriate relief.").

REVERSED and REMANDED.

KELSEY and NORDBY, JJ., concur; WINOKUR, J., concurs with opinion.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

WINOKUR, J., concurring.

I agree that the record may yet conclusively refute Appellant's claim. Regardless, if Appellant's counsel had objected to instructions permitting the jury to find him guilty of the two disputed crimes, it is not clear to me whether the State could have simply amended the information to include these counts. It is equally unclear whether counsel had a strategic reason for permitting instructions on these other crimes. Accordingly, reversal is appropriate given the requirements of rule 9.141(b)(2).

_____

Larry B. Robinson, pro se, Appellant.

James Uthmeier, Attorney General, Tallahassee, for Appellee.